UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Respondent, ) | |
| ) | |
| v. ) | No. 2:13-CR-27 |
| ) | |
| ) | |
| DARREN LEE HENSLEY, ) | |
| Petitioner. ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's motion for a reduction of sentence, [Doc. 709]. Defendant requests a reduction in sentence pursuant 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 as amended by Amendments 782 and 788 to the United States Sentencing Guidelines. The United States has responded and acknowledges the defendant is eligible for a reduction in sentence, notes the defendant's numerous sanctions, and defers to the Court's discretion whether and to what extent to reduce the defendant's sentence. [Doc. 721].

The defendant was convicted of conspiracy to manufacture more than 5 but less than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). The defendant was held accountable for an equivalent of 386.4 kilograms of marijuana, resulting in a base offense level of 26. The base offense level was decreased by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), resulting in a total offense level of 23. The defendant's criminal history category was IV. At the time of his sentencing, the defendant's advisory guideline range was 70 to 87 months. Per statute, the defendant faced a mandatory minimum sentence of 60 months. The defendant was sentenced to a term of 75 months' imprisonment

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v.*

*United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); USSG § 1B1.10, cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If he is, the court must then consider whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances. *Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 Fed. App'x 544, 547 (6th Cir. 2013). In exercising its discretion, the court is required to consider public safety factors and is permitted to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, cmt. (n. 1(B)(ii)-(iii)). Thus, the district court

2

is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, cmt. n. 1(B)(ii)).

Pursuant to Amendment 782, an equivalent quantity of 386.4 kilograms of marijuana yields a base offense level of 24, with a three-level reduction for acceptance of responsibility, for a total offense level of 21. When combined with the defendant's criminal history category of IV, the defendant's amended guideline range is 57 to 71 months' imprisonment. However, because the defendant faces a mandatory minimum sentence of 60 months' imprisonment, the restricted guideline range is 60 to 71 months' imprisonment. Because the amended guideline range is below the original guideline range, the defendant is eligible for a sentence reduction. In his motion, the defendant does not request a specific amended sentence. The Court concludes that no reduction is appropriate in this case and the motion for sentence reduction is DENIED for the reasons stated below.

An important factor in the Court's determination is the defendant's post-sentencing conduct. The defendant's Bureau of Prisons ("BOP") disciplinary record indicates that the defendant has been sanctioned on multiple occasions. Some of these sanctions were for serious violations of the prison regulations. On February 3, 2015, the defendant was found with narcotics and a syringe. On November 8, 2015, the defendant possessed unauthorized prescription medication. On May 26, 2014 and May 30, 2014, the defendant was sanctioned for stealing. On December 5, 2016, the defendant was sanctioned for being in an unauthorized area.

The defendant's continued history of disciplinary infractions and his disregard for prison regulations indicate a high risk of recidivism and disregard for the law. The defendant's multiple sanctions for drug possession while in the custody of the BOP is especially concerning given that

the defendant is currently incarcerated on a drug conviction. Of note is that one of these drug sanctions occurred while his current motion was pending, indicating to the Court that the defendant is not taking some needed steps to change his behavior to prepare for release. Consideration of the 18 U.S.C. § 3553(a) factors leads to the conclusion that no reduction is appropriate in this case. The motion, [Doc. 709], is DENIED. Further, the defendant's motion to expedite, [Doc. 844], is DENIED AS MOOT.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE